IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1999 SESSION



FILED

September 27, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 01C01-9902-CR-00029 |
| Plaintiff/Appellee, | ) | |
| | ) | Dekalb County |
| v. | ) | |
| | ) | Honorable Leon Burns, Jr. |
| BRUCE EDWARD ROCHEFORT, | ) | Judge |
| | ) | |
| Defendant/Appellant. | ) | (Post-Conviction Relief Denied) |
| | ) | Affirmed Rule 20 |

FOR THE APPELLANT:

BRUCE EDWARD ROCHEFORT
CCA/SCCC
P.O. Box 279
Clifton, Tennessee 38425-0279

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

CLINTON J. MORGAN
Counsel for the State
425 Fifth Avenue North
Nashville, Tennessee 37243-0493

OPINION FILED: _____


AFFIRMED PURSUANT TO RULE 20


L. T. LAFFERTY, SENIOR JUDGE

# OPINION

The appellant, Bruce E. Rochefort, referred herein as "the petitioner," has appealed as of right from the summary dismissal of his petition for post-conviction relief by the Dekalb County Criminal Court. The petitioner presents one issue on appeal:

1.      Whether the trial court erred in dismissing his petition for post-conviction relief?

After a review of the record, briefs of the parties, and appropriate law, we AFFIRM the trial court's judgment.

## FACTUAL BACKGROUND

On March 7, 1997, the petitioner entered two pleas of guilty to aggravated assault and was taken into custody. The petitioner was represented by court appointed counsel. There was no appeal of any nature. On November 27, 1998, the petitioner filed a pro se petition for post-conviction relief with the Dekalb County Criminal Court. The petitioner asserts, through a number of sub-issues, that he was denied his Sixth Amendment right to effective assistance of counsel in violation of the United States Constitution and Article 1, Section 9, of the Tennessee Constitution. On January 7, 1999, the trial court summarily dismissed the petition without an evidentiary hearing based upon the statute of limitations. The petitioner contends the trial court erred in that the petitioner did not learn of his counsel's ineffective assistance of counsel until months after his conviction.

## LEGAL ANALYSIS

Tennessee Code Annotated § 40-30-202(a) provides that "a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final. . . ." The statute further provides that the limitations period "shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." Id. There are certain exceptions in this statute which do not apply in this case. See Tenn. Code Ann. § 40-30-202(b).

In the present case, the petitioner filed his petition for post-conviction relief outside the statute of limitations set forth in Tennessee Code Annotated § 40-30-202(a), and he has failed to establish that his claim of ineffective assistance of counsel falls within one of

the exceptions in § 40-30-202(b).

It is, therefore, ordered that the judgment of the trial court is affirmed pursuant to Rule 20.

3

_____
L. T. LAFFERTY, SENIOR JUDGE


CONCUR:


_____
JOE G. RILEY, JUDGE


_____
DAVID G. HAYES, JUDGE